United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELANNIE VU and KEN VU, individually and as successors-in-interest to CONNOR VU, deceased,

    Plaintiffs,

v.

ORTHO-MCNEIL PHARMACEUTICAL, INC., *et al.*,

    Defendants.

    /

No. C 08-5717 SI

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO TRANSFER VENUE**

Defendant Costco filed a motion to transfer venue to the Central District of California. Plaintiffs subsequently moved to remand this case to state court. The motions are scheduled for hearing at 9:00am on March 13, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES plaintiffs' motion to remand and GRANTS Costco's motion to transfer venue to the Central District of California.

**BACKGROUND**

Plaintiffs filed this wrongful death and products liability suit in California Superior Court in San Francisco County on November 13, 2008. The complaint, which named Ortho-McNeil Pharmaceutical, Inc., Costco Wholesale Corporation, Johnson & Johnson Services, Inc., and Keiko Shibata, asserts claims under strict products liability, negligence, fraudulent concealment, and violation of California

Civil Code § 1750, *et seq.*[1]

Plaintiffs' basic claim involves the death of their son, Connor Vu. Plaintiffs allege that on September 28, 2007, Connor Vu, who was otherwise a healthy child, died after he was given Children's Tylenol Plus Multi-Symptom Cold medication ("medication") to treat a runny nose. At some point prior to giving Connor Vu the medication, plaintiffs allege that Melanie Vu, his mother, consulted with his pediatrician about giving the medication to her son, and his pediatrician approved such use. According to plaintiffs, this conversation occurred after the FDA had issued warnings not to use this or other similar cold medications on children under the age of two, in part because their active ingredients had been linked to numerous infant deaths prior to 2006. Connor Vu was just short of five months old when he died.

On December 22, 2008, defendant Costco removed the case to this Court under 28 U.S.C. § 1332, diversity jurisdiction. In its notice of removal, Costco contends that Keiko Shibata – the only defendant who resides in California – was fraudulently joined in this action. Costco then moved pursuant to 28 U.S.C. § 1404 to transfer the case to the Central District of California. While that motion was pending, plaintiffs moved to remand the case to the Superior Court in San Francisco County. Both motions are now before the Court.

**DISCUSSION**

The Court must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper. *See Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir.1965) ("jurisdiction must be first found over the subject matter and the person before one reaches venue"); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (1 Wall.) 506, 514 (1868))).

---

[1] Of the named defendants, only Costco Wholesale Corporation has been served at this point. Additionally, the only claim asserted against defendant Keiko Shibata is for negligence.

**I.     Plaintiffs' Motion to Remand**

Plaintiffs move to remand this case on the ground that there is no diversity jurisdiction, because Keiko Shibata, a sales representative for Ortho-McNeil Pharmaceutical, Inc., is a California resident and would defeat complete diversity. *See* Pls.' Mot. to Remand at 6-7; Shibata Decl. ¶¶ 1-2. Costco contends that removal is proper under the doctrine of fraudulent joinder because plaintiffs lack a cognizable claim against Shibata. The parties do not dispute, and the Court agrees, that there is complete diversity among the remaining defendants and that there is more than $75,000 in controversy. Thus, the only remaining issue is whether Shibata was fraudulently joined to defeat diversity.

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

The party that seeks to remain in federal court has the burden of proof on a motion to remand to state court. *See Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

Fraudulent joinder is one exception to the requirement of complete diversity under 28 U.S.C. § 1332. Fraudulent joinder "is a term of art" used to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In order to prove fraudulent joinder, the defendant must prove that the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe*, 811 F.2d at 1339). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate*

3

*Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

This Court must determine whether it is well-settled under California law that plaintiffs cannot state a claim against Shibata. Costco contends that plaintiffs fail to allege facts sufficient to state a claim for negligence against Shibata because Shibata never communicated directly with plaintiffs, nor did she market the drug at issue in this case – Children's Tylenol Plus Multi-Symptom Cold – to Connor Vu's physician. *See* Shibata Decl. ¶ 5. Shibata states that she only detailed Concerta – a medication used to treat ADHD – and Risperdal – an antipsychotic medication – to physicians in 2007. *Id.* ¶ 3. Additionally, Shibata states that the only over-the-counter medications she provided to physicians were Tylenol Infant Drops, Children's Motrin Suspension, and Zyrtec. *Id.* ¶ 4. Thus, Costco argues, Shibata had no duty to warn plaintiffs of the dangers in giving the medication to children under the age of two and cannot be held liable for negligence.[2]

Costco relies on several cases outside the Ninth Circuit to support its argument that Shibata cannot be held liable for negligence. In *Legg v. Wyeth, Inc.*, 428 F.3d 1317, 1324 (11th Cir. 2005), the Eleventh Circuit addressed the precise issue before this Court. There, the court found that a pharmaceutical sales representative, who plaintiffs named seeking to avoid diversity jurisdiction, had been fraudulently joined. *Id.* at 1321, 1324. One of the defendants, like Shibata, never promoted or sold the drug at issue, and the court found that there was "no reasonable possibility that Plaintiffs [could] establish a cause of action against him." *See id.*; Shibata Decl. ¶ 5; *see also Faison v. Wyeth, Inc.*, 353 F. Supp. 2d 1273, 1279 (S.D. Ga. 2002) ( holding that defendant sales representative who did not market the drug at issue in the case had been fraudulently joined); *Anderson v. Merck & Co.*, 417 F. Supp. 2d 842, 846 (E.D. Ky. 2006) (same). Moreover, the Court found that another sales representative, who had promoted the drug at issue based on information provided to her by her employer, could not be held personally liable for the wrongful actions of her employer absent any evidence that she knew or should have known of the drug's dangers. *Legg*, 428 F.3d at 1321, 1324-25. Similarly, in *DaCosta v. Novartis AG*, No. 01-800, 2002 WL 31957424, at *10 (D. Or. Mar. 1, 2002), the court held that a pharmaceutical sales representative has no duty to investigate the risks of a medication beyond the information provided

---

[2] Plaintiffs did not allege any other causes of action against defendant Keiko Shibata.

4

by her employer and has no independent duty to warn a physician of risks unknown to her. Thus, even if Shibata had marketed the medication at issue, she had no duty to investigate the safety of the medication beyond the information supplied ot her by her employer. To the extent that Shibata may have relied on such information, she could not be held personally liable. *See DaCosta*, 2002 WL 31957424, at *10; Shibata Decl. ¶ 6 ("All verbal and written product information that I provide to physicians is information that I receive from my employer.").

Plaintiffs do not dispute that Shibata never marketed Children's Tylenol Plus Multi-Symptom Cold medicine; rather, plaintiffs argue that Costco cites only out-of-state court opinions and that those opinions are not binding authority. The Court agrees that those cases are not binding authority; however, to the extent that they are on point and to the extent that the Court is not aware of any – nor do plaintiffs cite any – Ninth Circuit or California state court opinions to the contrary, those cases do serve as persuasive authority. The Court finds the reasoning in *Legg* and *DaCosta* to be persuasive, and because plaintiffs do not contest Shibata's statement that she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold, the Court finds that there is no non-fanciful possibility that plaintiffs can state a claim for negligence against Shibata.

Finally, plaintiffs argue that Shibata is properly joined in this action because she participated in the defendants' marketing enterprise. Plaintiffs argue that they need not show that Shibata promoted the medication at issue in this case to plaintiffs or their physician; instead, plaintiffs assert that it is sufficient that Shibata marketed Tylenol products generally. However, as Costco correctly observes, marketing enterprise liability applies under California law to actions for strict products liability, not negligence. *See, e.g.*, *Kasel v. Remington Arms Co.*, 24 Cal. App. 3d 711, 724 (1972) (" California courts, long in the forefront of the development of product liability law, have adopted a rule which places *strict tort liability* for defective products upon the overall producing and marketing enterprise responsible for placing such products in the stream of commerce." (emphasis added)); *Bostick v. Flex Equip. Co.*, 147 Cal. App. 4th 80, 88 (2007) (same). Notwithstanding that Shibata did not market the medication at issue, even if she had, that would not be enough to hold her liable under a negligence theory. *See* Shibata Decl. ¶ 5. Plaintiffs do not allege a products liability claim against Shibata, nor do they cite any authority for holding a sales representative liable for negligence under a marketing

5

enterprise theory. *See* Compl. ¶¶ 36-42. Thus, the Court finds that it is well-settled under California law that plaintiffs cannot state a claim against Shibata under a market enterprise liability theory. Shibata was fraudulently joined as a defendant, and she does not destroy complete diversity between the parties. Thus, the Court DENIES plaintiffs' motion to remand this case to state court.

## II.    Defendant Costco's Motion to Transfer Venue

Defendant Costco moves to transfer this case to the Central District of California because it would be more convenient for the witnesses and parties and because the events giving rise to plaintiffs' claims occurred there. Plaintiffs argue that the Central District is not more convenient than this district and that the Court should defer to its forum selection.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

As an initial matter, the Court finds that venue would be proper in this district or in the Central District of California. In an action where jurisdiction is founded on diversity of citizenship, venue is generally proper in a district where any defendant resides. 28 U.S.C. § 1391(a). "[A] defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). However, 28 U.S.C. § 1441(a) governs the venue of removed actions. *Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 665 (1953). Section 1441(a)

states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, venue is proper when a case is removed to the district where the state action was pending. Here, plaintiffs initially filed this action in San Francisco County Superior Court, and Costco removed it to this district, which is the district where the state action was pending. Thus, the venue requirements of § 1441(a) are satisfied.

Venue is also proper in the Central District of California under § 1391(a) because each of the corporate defendants is subject to personal jurisdiction in California. Moreover, if venue were not proper under § 1391(a), it would be proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in the Central District of California. *See* 28 U.S.C. § 1391(a)(2). There is no dispute that plaintiffs reside in Orange County, California, the decedent died there, and the decedent's pediatrician is there. Thus, the Court finds that the action could have been brought in either this district or the Central District of California, where Orange County is located.

Once venue is determined to be proper in both districts, courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

The Court finds that on balance, these factors favor transfer. Where a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight. *See* Schwarzer *et al.*, *Federal Civil Procedure Before Trial* § 4:761 (2008) (citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos., Inc.*, No. 06-6667, 2007 WL 841792, at \*2 (N.D. Cal. March 20, 2007) (finding that deference to plaintiff's choice of forum is diminished where plaintiff does not reside in

1 chosen forum and none of the events alleged in the complaint occurred there).  Here, plaintiffs reside
2 in the Central District of California.  Indeed, Costco asserts that only plaintiffs' counsel is located in the
3 Northern District of California, and the location of plaintiffs' counsel is not an appropriate factor for the
4 Court to consider when deciding a motion to transfer.  *See In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th
5 Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in
6 determining the question of transfer of venue.").

7 The Court further finds that the Central District of California is more convenient for the parties
8 and witnesses and provides greater ease of access to evidence.  Costco argues that the Central District
9 is more convenient because the plaintiffs reside there and because many of the key witnesses – including
10 the decedent's pediatrician, the forensic pathologist who performed the decedent's autopsy, the deputy
11 coroner who signed the decedent's death certificate, and personnel at the hospital that treated the
12 decedent – also reside there.  Moreover, the events giving rise to plaintiffs' claims occurred in the
13 Central District, and neither forum is substantially more or less convenient for the properly joined
14 defendants, who all reside out of state.  Plaintiffs do not dispute that the events giving rise to their cause
15 of action occurred in the Central District; nor do they dispute that these witnesses reside there.  Instead,
16 plaintiffs argue that Costco fails to explain who the witnesses are and why their testimony will be
17 relevant.  However, Costco has described in great detail who the key witnesses residing in the Central
18 District are, what their anticipated testimony is, and why it is relevant to this case.  *See* Def.'s Mot. to
19 Transfer at 5-6.  That plaintiffs "do not plan on calling any witnesses from Coastal Communities
20 Hospital," is not enough to overcome Costco's showing that Central District is a more convenient forum
21 for the witnesses, and just because plaintiffs do not intend to call any of those witnesses does not mean
22 that defendants will not.

23 The remaining factors are either neutral or favor transfer.  With respect to the familiarity with
24 plaintiffs' claims, feasibility of consolidation, and relative court congestion, there is no evidence that
25 this district is more favorable than the Central District.  Finally, the Court finds that if either court has
26 a stronger interest in the controversy, it is the Central District.  While the law applied is the same in
27 either district, the events giving rise to plaintiffs claims took place in the Central District of California.
28 Thus, while the Central District's local interest in the controversy may not be substantially stronger than

this district's, it nevertheless remains stronger because the events at issue took place there.

Because deference to plaintiffs' choice of forum is limited by the fact that they reside elsewhere and because it would be substantially more convenient for the witnesses and many of the parties, the Court finds that transfer of venue to the Central District of California would serve the convenience of the parties and witnesses and would promote the interests of justice. Accordingly, the Court GRANTS Costco's motion to transfer.

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court hereby DENIES plaintiffs' motion to remand the case to state court and hereby GRANTS Costco's motion to transfer venue. The Court hereby TRANSFERS this action to the United States District Court for the Central District of California. (Docket Nos. 9 & 14.)

**IT IS SO ORDERED.**

Dated: March 9, 2009

SUSAN ILLSTON
United States District Judge

9